IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RAYMOND F. SACK** | ) | CASE NO. |
| 29505 Ridge Road | ) | |
| Wickliffe, Ohio 44092, | ) | |
| | ) | **JUDGE:** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **JOHN A. BARBISH, INDIVIDUALLY** | ) | **COMPLAINT FOR DAMAGES AND** |
| **AND AS MAYOR AND DIRECTOR** | ) | **INJUNCTIVE AND OTHER RELIEF** |
| **OF PUBLIC SAFETY OF THE CITY** | ) | |
| **OF WICKLIFFE** | ) | **(Jury Demand Endorsed Hereon)** |
| 28730 Ridge Road | ) | |
| Wickliffe, Ohio 44092 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| **THE CITY OF WICKLIFFE** | ) | |
| 28730 Ridge Road | ) | |
| Wickliffe, Ohio 44092, | ) | |
| | ) | |
| Defendants. | ) | |

Raymond F. Sack ("Mr. Sack"), by and through his undersigned counsel, states for his Complaint for Damages and Injunctive Relief ("Complaint") against Defendants John A. Barbish, individually and as Mayor of the City of Wickliffe ("Barbish"), and The City of Wickliffe (collectively "Defendants"), as follows:

**NATURE OF THE ACTION**

1. This is a civil action brought to address violations of Mr. Sack's civil and constitutional rights which seeks compensatory damages, equitable relief, punitive damages, and attorney's fees. The action is brought to address the wrongful and unconstitutional adverse employment action against Mr. Sack by the Defendants in violation of federal discrimination statutes, the Fourteenth Amendment of the United States Constitution, and

        other applicable federal and state laws. Mr. Sack also asserts state law claims arising from the common nucleus of operative facts giving rise to the constitutional claims.

2. Mr. Sack, at all times relevant, was a resident of the Northern District of Ohio and was an employee of the City of Wickliffe, serving as the Building Commissioner in the classified civil service in the City of Wickliffe Building Department.

3. Defendant, John A. Barbish, is the Mayor and also serves as Director of Public Safety of the City of Wickliffe pursuant to Article V, Section V-4 of the Charter.

4. Defendant, City of Wickliffe, is a chartered Ohio municipal corporation and is a classified civil service city.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as Mr. Sack's claim arises federal discrimination statutes, the Fourteenth Amendment of the United States Constitution, and other applicable federal and state laws. Venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

### (2018 CIVIL SERVICE APPEAL OF POSITION REDUCTION)

6. On or about December 17, 2018, Wickliffe City Council passed two ordinances at the behest of Barbish.

7. The first ordinance, Ordinance 2018-66, eliminated the position of full-time Building Commissioner with the City of Wickliffe, a copy of which is attached hereto and incorporated herein by reference as Exhibit "A."

8. The second ordinance, Ordinance 2018-67, created the position of part-time Building Commissioner for the City of Wickliffe, a copy of which is attached hereto and incorporated herein by reference as Exhibit "B."

9. On or about December 27, 2018, out of an abundance of caution and to ensure his appeal rights were preserved, Mr. Sack filed an appeal with the Civil Service Commission pursuant to Article VI, Section 3 of the City Charter in the event the Ordinances were subsequently applied to and implemented against Mr. Sack.

10. On or about December 28, 2018, counsel for Mr. Sack forwarded a letter to Defendant indicating that, according to law, Ordinances 2018-66 and 2018-67 cannot be applied to Mr. Sack to negatively impact his position given that he is a full-time classified civil servant of the City, and seeking clarification as to whether Barbish intended to utilize the ordinances to transfer, reduce or remove Mr. Sack from his position since it would not be necessary to maintain an appeal if there was no intent to negatively impact Mr. Sack's position.

11. Without official or formal notice to Mr. Sack, on January 1, 2019, the City, through Barbish's directive, transferred, removed, reduced, or otherwise negatively impacted Mr. Sack by eliminating his full-time Building Commissioner status and reducing his employment to that of part-time Building Commissioner which, in turn, eliminated health care benefits for Mr. Sack, despite the fact Ordinances 2018-66 and 2018-67 could not be effective until January 16, 2019.

12. On or about January 30, 2019, as Mr. Sack still had not received any official communication from the City regarding the status of his employment, counsel for Mr.

      Sack forwarded a follow-up letter to the Civil Service Commission, copy to Barbish, providing additional notice of his ongoing appeal.

13. Since the passing of Ordinances 2018-66 and 2018-67, the City finally sent Mr. Sack official notice that his position as Building Commissioner had been changed to a part-time position, effective the beginning of January 2019, which was received on February 4, 2019. A copy of the Defendants' official notification to Mr. Sack is attached hereto and incorporated herein by reference as Exhibit "C."

14. Two weeks prior to receiving notice of his position elimination and reduction, Mr. Sack received a written warning from Barbish dated January 25, 2019, for an alleged delay in responding to a resident complaint about dog feces in a neighbor's yard made during the week of Christmas, nearly a month after the alleged incident occurred, despite Mr. Sack timely responding to the resident complaint upon his return from scheduled leave. A copy of the written warning is attached hereto and incorporated herein as Exhibit "D."

15. The Civil Service appeal, being timely filed, was heard by the City Civil Service Commission on March 18, 2019, which reversed the action of Barbish in its entirety. A copy of the Decision issued by the Commission is attached hereto and incorporated herein by reference as Exhibit "E."

**(2019 CIVIL SERVICE APPEAL OF IMPROPER 3-DAY SUSPENSION)**

16. On October 14, 2019, nearly seven (7) months after the Civil Service Commission reversed Barbish's elimination of Mr. Sack's position and reduction of Mr. Sack's employment to part-time status, the Mayor issued a Notice of Pre-Disciplinary Conference to Mr. Sack, a copy of which is attached hereto and incorporated herein by reference as Exhibit "F."

17. On October 25, 2019, a Pre-Disciplinary Conference was held before Hearing Officer and Council President, Edward Levon.

18. On October 29, 2019, Mr. Levon issued "findings" to Barbish affirming Barbish's conclusion that Mr. Sack violated the charges presented in the Notice of October 14, 2019, and concluding that a three (3) day suspension without pay was appropriate. A copy of the "findings" are attached hereto and incorporated herein by reference as Exhibit "G."

19. Barbish then issued a formal notice of Mr. Sack's suspension on October 31, 2019. A copy of the notice is attached hereto and incorporated herein by reference as Exhibit "H."

20. On or about November 8, 2019, Mr. Sack timely filed an appeal to the City of Wickliffe Civil Service Commission pursuant to City of Wickliffe Civil Service Rules and Regulations, Rule VII, Sections 2 and 3, which allow for an appeal by a suspended employee to the Civil Service Commission. A copy of said appeal is attached hereto and incorporated herein by reference as Exhibit "I."

21. A hearing on the appeal was held before the City Civil Service Commission on January 3, 2020. The Commission subsequently reversed Barbish's discipline suspending Mr. Sack for three (3) days without pay. The Decision was issued on the morning of Friday, January 24, 2020, at approximately 8:37 a.m., including issuance to Barbish. A copy of the Decision is attached hereto and incorporated herein by reference as Exhibit "J."

22. On the morning of January 24, 2020, and shortly after the Civil Service Commission's Decision was issued, Barbish ordered Mr. Sack into his office and began a tirade, berating and intimidating Mr. Sack for an extended period of time, and included

statements regarding Mr. Sack's age and Barbish's desire for Mr. Sack to be removed from employment with the City.

23. On January 27, 2020, a cease and desist letter was sent to the Mayor on behalf of Mr. Sack, a copy of which is attached hereto and incorporated herein by reference as Exhibit "K."

**(2020 APPEAL OF THE CIVIL SERVICE COMMISSION DECISION)**

24. On or about February 20, 2020, the City of Wickliffe appealed the decision of the Civil Service Commission to the Lake County Court of Common Pleas, a copy of the Notice of Appeal is attached hereto and incorporated herein as Exhibit "L."

25. Upon the Court's review of the facts submitted by all parties, the Court, "declines to overturn the decision of the Wickliffe Civil Service Commission disaffirming Raymond F. Sack's three-day suspension." A copy of the Journal Entry issued by Judge Vincent A. Culotta is attached hereto and incorporated herein as Exhibit "M."

26. Mr. Sack has faced other retaliatory conduct as well including Barbish not allowing Mr. Sack to utilize an additional $2000.00 granted to the Building Department by City Council to cover administrative duties

27. Barbish has forbidden Mr. Sack from representing the City at City-related functions.

28. Barbish has required Mr. Sack, and only Mr. Sack, to keep a daily log of his work activities and forward the log to Barbish daily.

29. Barbish has taken action and made derogatory statements as to Mr. Sack's age, including calling Mr. Sack an "old [explicative] that is ruining the City."

## FIRST CAUSE OF ACTION
### (Age Discrimination in Employment Act)

30. Mr. Sack incorporates paragraphs 1 through 29 of his Complaint as if fully rewritten herein.

31. Mr. Sack was removed from his position as Building Commissioner of the City of Wickliffe without probable or just cause.

32. Mr. Sack is above the age of 40 and therefore protected against age discrimination under the ADEA.

33. His removal and subsequent harassment was due to Mr. Sack's age.

34. Mr. Sack is qualified to serve as Building Commissioner of the City of Wickliffe.

35. Barbish's actions, words directly concerning Mr. Sack's age, and interactions with Mr. Sack all are direct evidence of discrimination, or in the alternative, they create circumstances of inference of discrimination.

36. The above action on the part of the Mayor was taken because of a malicious or bad faith intent to injure Mr. Sack and because of the Mayor's animosity towards Mr. Sack without any basis whatsoever.

## SECOND CAUSE OF ACTION
### (Retaliation under the Age Discrimination in Employment Act)

37. Mr. Sack incorporates paragraphs 1 through 36 of his Complaint as if fully rewritten herein.

38. Mr. Sack engaged in a protected activity by filing an appeal with the Civil Service Commission, participating in the appeal, and sending a cease and desist letter to Barbish demanding he stop his harassing and discriminatory practices against Mr. Sack.

39. Barbish and the City were aware of the exercise of this protected activity.

7

40. Barbish's actions after the filing of the Civil Service Commission Appeal, as outlined in paragraphs 24–29, were materially adverse to Mr. Sack and his employment with the City.

41. A causal connection exists between the filing of Mr. Sack's Appeal and the retaliation by Barbish—after the appeal, Barbish's comments escalated and focused more on Mr. Sack's age. Further, after Barbish received the cease and desist letter, demanding the harassing and discriminatory behaviors be discontinued, the harsh behavior further escalated in frequency and intensity.

## THIRD CAUSE OF ACTION
### (Tortious Emotional Distress)

42. Mr. Sack hereby incorporates paragraphs 1 through 41 of his Complaint as if fully rewritten herein.

43. After filing his Civil Service appeal(s), Mr. Sack was subject to severe emotional distress.

44. The Emotional distress was due to Barbish's comments, particularly on the morning of January 24, 2020, and shortly after the Civil Service Commission's Decision was issued, Barbish ordered Mr. Sack into his office and began a tirade, berating and intimidating Mr. Sack for an extended period of time, and included statements regarding Mr. Sack's age and Barbish's desire for Mr. Sack to be removed from employment with the City.

45. These actions combined with the totality of the comments Barbish has made concerning Mr. Sack's age have caused Mr. Sack a great deal of emotional distress and physical injury.

## FOURTH CAUSE OF ACTION
### (Entity Liability)

46. Mr. Sack hereby incorporates paragraphs 1 through 45 of his Complaint as if fully rewritten herein.

47. Barbish at all times pertinent hereto was the appointing authority for the City of Wickliffe, Ohio, and took actions improper against individuals in the City's civil service.

48. The Defendants knew or should have been aware of the improper and unlawful acts perpetrated by Mayor and Director of Public Safety, John A. Barbish, had the power to remedy them and failed to timely do so.

## FIFTH CAUSE OF ACTION
### (Hostile Work Environment)

49. Mr. Sack hereby incorporates paragraphs 1 through 48 of his Complaint as if fully rewritten herein.

50. Mr. Sack is a member of a protected class under federal law as he is over the age of 40.

51. As outlined above, Mr. Sack was subject to unwelcome harassment by the Defendants. Defendant Barbish continually harasses Mr. Sack and engages in actions against Mr. Sack that are arbitrary and capricious, perpetrated without just cause, and is motivated by bias, bad faith, and improper motives.

52. The harassment is due, at least in part, to Mr. Sack's age.

53. The harassment of Mr. Sack negatively affected the terms, conditions, and privileges of his employment with the City, thus creating a hostile and abusive work environment.

54. Defendants are directly responsible for the creation of the hostile work environment surrounding Mr. Sack

## DAMAGES

55. Mr. Sack hereby incorporates paragraphs 1 through 54 of his Complaint as if fully rewritten herein.

56. As a result of Defendants' actions, Mr. Sack has suffered the loss of his full salary, health insurance benefits, accumulated vacation and sick time, various out of pocket expenses temporary and permanent damages to his reputation and character, damages to his professional standing, public humiliation, embarrassment, mental anguish, stress, and emotional distress.

57. The conduct of Defendants was intentional, willful, malicious, and wanton, and was a reckless disregard of Mr. Sack's constitutional rights, entitling Mr. Sack to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Sack demands the following relief:

1. Compensatory damages of a reasonable sum for back wages, pension and disability contributions, full seniority, restoration of sick days and vacation days, and for his emotional and physical damages which were a direct and proximate result of the City's negligent and/or purposeful actions against Mr. Sack taken under the guise and color of local law; and

2. Punitive damages of $1 million for the actions taken against Mr. Sack that were unconstitutional, unreasonable, violative of the Charter of the City of Wickliffe, the rules and regulations of the Civil Service Commission of the City of Wickliffe, the Constitution and laws of the United States, and the State of Ohio,

which constitutes a malicious acts; and

3. Reasonable attorney's fees and costs that Mr. Sack has incurred in bringing this action as permitted by statute and otherwise; and

4. For any and all relief that is just and that this Court has the power to grant.

Respectfully submitted,

*/s/ Mark V. Guidetti*
MARK V. GUIDETTI (0084175)
mvguidetti@diemertlaw.com
*Diemert & Associates Co. L.P.A.*
1360 SOM Center Road
Cleveland, Ohio 44124
(440) 442-6800 (phone)
(440) 442-0825 (facsimile)
receptionist@diemertlaw.com

*Counsel for Plaintiff*
*Raymond F. Sack*

## JURY DEMAND

Mr. Sack hereby demands a trial to all issues which are triable by a jury.

*/s/ Mark V. Guidetti*
MARK V. GUIDETTI (0084175)

*Counsel for Plaintiff*
*Raymond F. Sack*

11

## **REQUEST FOR SERVICE**

Plaintiff hereby requests that this Complaint be served on the Defendants at the above-captioned addresses by Certified Mail, Return Receipt Requested.

> */s/ Mark V. Guidetti*
> MARK V. GUIDETTI (0084175)
>
> *Counsel for Plaintiff*
> *Raymond F. Sack*

J:\2021\GENERAL CLIENTS\Sack, Ray (18-123)\Federal - Sack v. Barbish\Complaint final.docx